1  **TERRY A. DAKE, LTD.**
   **11811 North Tatum Boulevard**
2  **Suite 3031**
   **Phoenix, Arizona 85028-1621**
3  **Telephone: (480) 368-5199**
   **Facsimile: (480) 368-5198**
4  **tdake@cox.net**

5  **Terry A. Dake - 009656**

6  Attorney for Trustee

7              IN THE UNITED STATES BANKRUPTCY COURT

8                  FOR THE DISTRICT OF ARIZONA

9  In re:                        )    In Chapter 7 Proceedings
                                  )
10 DARRYL W. CLARK,               )
   LISA M. CLARK,                 )    Case No. 2:09-BK-26692-CGC
11                                )
                Debtors.          )
12 _____)

13                      **OBJECTION TO ABANDONMENT**

14     The trustee objects to the Motion To Compel Abandonment filed

15 by the debtors (Admin. Docket No. 31).  The trustee's objection is more

16 fully set forth in and is supported by the following Memorandum Of

17 Points And Authorities.

18     DATED February 1, 2010.

19                              **TERRY A. DAKE, LTD.**

20
                                By /s/ TD009656
21                                 Terry A. Dake
                                   11811 North Tatum Boulevard
22                                 Suite 3031
                                   Phoenix, Arizona 85028-1621
23                                 Attorney for Trustee

24
                      **MEMORANDUM OF POINTS AND AUTHORITIES**
25
       The debtors have filed a motion to compel abandonment of real
26
   property of the estate.  The trustee objects.
27

28

The debtors have not carried their burden of proof to establish that this asset is of no benefit to this bankruptcy estate. See, In re Dillon, 219 B.R. 781, 785 (Bkrtcy.M.D.Tenn.1998); Smoker v. Hill & Assocs., Inc., 204 B.R. 966, 975 (N.D.Ind.1997); In re Siegel, 204 B.R. 6, 8 (Bankr.W.D.N.Y.1996). They have not provided an appraisal, nor any verification of the amount of the debt, or even the existence of a perfected and unavoidable lien on the property. Moreover, they admit that the property produces net income each month.

The debtors were advised at the meeting of creditors that the rents from this property belonged to the bankruptcy estate and needed to be turned over to the trustee. They have refused to do so. Instead, they have kept this estate property for themselves and now seek an order of abandonment in an apparent attempt to justify their misconduct.

The debtors' duty to turn over estate property is absolute. 11 U.S.C. §§521, 542. Yet, despite the trustee's repeated requests, they have elected to withhold estate property from the trustee. Until that has been remedied, the debtors can be afforded no relief by this Court.

The debtors complain that the property places a "burden" upon them. Motion, p. 1, lns. 23-24. Yet, if that is the case, then why do they seek to reclaim this asset from the estate?

Further, the debtors complain that any value that this asset may present is de minimis in relationship the debt in this case. Neither §542 nor §521 relieve the debtors of the obligation to turn over estate property if the claims against the estate reach a certain threshold. Had the debtors complied with the Code, the bankruptcy

estate would have had over $3,000.00 by now. That is not inconsequential to the estate.

If the debtors want to keep this property, and the rental income, they can purchase this asset from the bankruptcy estate by making an offer to the trustee. Until then, they need to turn over to the trustee all rental income received to date and hereafter.

**WHEREFORE,** the trustee requests that the motion to compel abandonment be denied, and that the debtors be ordered to turn over to the trustee all rental payments received since this case was filed.

DATED February 1, 2010.

       ***TERRY A. DAKE, LTD.***

       By /s/ TD009656
         Terry A. Dake
         11811 North Tatum Boulevard
         Suite 3031
         Phoenix, Arizona  85028-1621
         Attorney for Trustee

Copy e-mailed February 1, 2010 to:

**MARI JO CLARK**
CLARK LAW OFFICES
3700 N. 24TH STREET #120
PHOENIX, AZ 85016
602.956.3328
Fax : 602.956.1167
Email: mjc@clarklawaz.com

   /s/ TD009656

3